# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint Petition of:<br><br><br>HENRY NHEM,<br><br><br><br>Petitioner. | No. 57128-5-II<br><br><br>UNPUBLISHED OPINION |

MAXA, J. – In this personal restraint petition (PRP), Henry Nhem argues that he is

entitled to relief under *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017) because the

trial court did not consider the mitigating qualities of his youth at the time of his offenses before

imposing his sentence.  The State argues that (1) the trial court did not violate *Houston-Sconiers*,

(2) RCW 9.94A.730 provides Nhem with an adequate remedy that precludes relief under RAP

16.4(d), and (3) Nhem cannot show actual and substantial prejudice.

We assume without deciding that the trial court was required to conduct a *Houston-

Sconiers* analysis when correcting a sentence based on a revised offender score under *Blake* and

that the trial court violated *Houston-Sconiers*.  And we conclude that RCW 9.94A.730 does not

provide Nhem with an adequate remedy.  However, we hold that Nhem cannot establish actual

and substantial prejudice because he cannot satisfy his burden of showing that his sentence

would have been shorter if the trial court had considered his youth. Therefore, we deny Nhem's

PRP.

## FACTS

In August 2010, Nhem pled guilty to second degree murder with a firearm sentencing enhancement and second degree unlawful possession of a firearm. The probable cause statement alleged that Nhem fired four shots into a crowd during an altercation between rival gangs, killing a bystander. Nhem was 17 years old when he committed these offenses.

At sentencing, the prosecutor pointed out that Nhem originally had been charged with first degree murder, but the charge was reduced in part because of his age. One of the people speaking on behalf of the victim mentioned that Nhem was a young man. But Nhem did not address, and the trial court did not expressly consider, the mitigating qualities of his youth.

The standard sentencing range for Nhem's second degree murder conviction was 154 to 254 months. The State requested a total sentence of 314 months of confinement: a sentence at the top of the sentencing range for the murder conviction plus the mandatory 60 months for the firearm sentencing enhancement. Nhem requested a mid-range sentence of 264 months including the enhancement.

The trial court sentenced Nhem to top of the standard range sentence of 254 months on the second degree murder conviction plus an additional 60 month firearm sentencing enhancement. The total term of confinement amounted to 314 months. The court stated,

> You have taken responsibility for what you did. However, you have taken away the life of a young man. You have taken away a life of a young man and his future with his family.
> And you do have prior history of three Unlawful Possession of a Firearm in the Second Degree offenses. This is something that you should have been very clear in your mind that you shouldn't have been anywhere near there, even if it was a fistfight, with a gun. And since you chose that gun, I will be sentencing you to the maximum.

Rep. of Proc. (Sept. 10, 2010) at 17.

No. 57128-5-II

In August 2021, Nhem was resentenced before a different judge after an unlawful possession of a controlled substance conviction was stricken from his offender score under *State v. Blake*, 197 Wn.2d 170, 195, 481 P.3d 521 (2021).  With the revised offender score, the new standard sentencing range for the second degree murder conviction was 144 to 244 months.

Both parties appeared at the resentencing hearing.  The State recommended a new sentence of 304 months, again at the top of the sentencing range plus the 60 month firearm enhancement.  Nhem agreed to this recommendation.  The trial court entered an order correcting the September 2010 judgment and sentence and imposing a new total term of confinement of 304 months, or 25 years and 4 months.  Neither party argued that the trial court was required to consider Nhem's youth when correcting the sentence.  And the trial court did not mention Nhem's youth.

In March 2022, Nhem filed a CrR 7.8 motion in the superior court.  In this motion, Nhem argued that the trial court erred when it imposed the September 2010 sentence because it had not considered the mitigating qualities of his youth.  Nhem also argued that the motion was not time-barred because *Houston-Sconiers* was a significant change in the law.  Nhem did not reference the 2021 resentencing in this motion.  The superior court determined that the motion was untimely and transferred it to this court for consideration as a PRP under CrR 7.8(c)(2).

In supplemental briefing ordered by this court, Nhem argued that the trial court erred when it imposed the 2021 sentence without considering the mitigating qualities of youth.

3

ANALYSIS

A.     TIMELINESS OF CRR 7.8 MOTION

In his CrR 7.8 motion, Nhem did not reference the 2021 resentencing.  And he argued only that the sentencing court violated the procedural rule of *Houston-Sconiers* – failing to consider the mitigating qualities of his youth.  This procedural rule does not apply retroactively on collateral review, making Nhem's original CrR 7.8 motion untimely.  *In re Pers Restraint of Hinton*, 1 Wn.3d 317, 330-31, 525 P.3d 156 (2023).

However, in his supplemental brief in this court, Nhem argued that his CrR 7.8 motion was timely because it was filed within one year of the August 2021 resentencing.  The State now concedes that to the extent Nhem brings a collateral attack regarding his 2021 sentence, it is timely because it was filed less than one year after Nhem's resentencing became final.

Under RAP 16.8.1(a), this court conducts a preliminary review of PRPs.  If we determine that "the superior court clearly erred in transferring" a CrR 7.8 motion to this court, we "will remand the matter to the superior court."  RAP 16.8.1(c).

The procedural posture of this case is unusual.  Nhem did not reference the 2021 resentencing in his CrR 7.8 motion to the trial court, and as a result we cannot say that the superior court erred in transferring the motion to this court as untimely.  Although it has since become clear that Nhem's challenge to his 2021 resentencing is timely, neither party argues that Nhem's PRP should be remanded to the superior court.  Therefore, we will consider the PRP to the extent that Nhem challenges his 2021 resentencing.

B.       APPLICATION OF *HOUSTON-SCONIERS*

Nhem argues that the trial court erred when it imposed a sentence without considering his youth at the time of his offenses as required in *Houston-Sconiers*. We assume without deciding that the trial court was required to conduct a *Houston-Sconiers* analysis when merely correcting a sentence based on a revised offender score under *Blake*. And we assume without deciding that the trial court violated *Houston-Sconiers* at the 2021 resentencing.

C.       ADEQUACY OF REMEDY

The State argues that Nhem is not entitled to collateral relief because RCW 9.94A.730 provides him with an adequate remedy. We disagree.

RAP 16.4(d) states, "The appellate court will only grant relief by a personal restraint petition if other remedies which may be available to petitioner are inadequate under the circumstances." "To determine whether an alternative remedy is adequate within the meaning of RAP 16.4(d), we ask whether that remedy can mitigate or eliminate the error identified by the petitioner." *Hinton*, 1 Wn.3d at 325.

RCW 9.94A.730(1) provides that a person convicted of offenses committed before their 18th birthday generally may petition the indeterminate sentence review board for early release after serving 20 years in total confinement. This statute essentially creates an indeterminate sentence with a minimum term of 20 years and a maximum term of the juvenile's original sentence. *Hinton*, 1 Wn.3d at 332-33. In addition, RCW 9.94A.730(3) provides a presumption of release after 20 years. *Id.* at 332.

In *Ali*, the Supreme Court held that RCW 9.94A.730 did not constitute an adequate remedy for a juvenile who was sentenced to 26 years. 196 Wn.2d at 246. The court stated that

RCW 9.94A.730 was an inadequate remedy because the statute "would still require Ali to serve most of the sentence imposed in violation of *Houston-Sconiers* before he could even be considered for early release." *Id.*

In *Hinton*, the Supreme Court held that RCW 9.94A.730 was an adequate remedy for a violation of the *Houston-Sconiers* substantive rule for a juvenile sentenced to 37 years. 1 Wn.3d at 335. The court stated that RCW 9.94A.730 remedied the substantive constitutional violation by replacing a potentially disproportionate "adult standard range sentences with indeterminate sentences specifically designed for juveniles." *Id.* Similarly, the Supreme Court in *In re Personal Restraint of Carrasco* held that RCW 9.94A.730 was an adequate remedy for a violation of *Houston-Sconiers* for a juvenile sentenced to 75 years. 1 Wn.3d 224, 227, 235, 525 P.3d 196 (2003).

The court in *Hinton* suggested that the analysis of an adequate remedy in *Ali* was based on a limited understanding of RCW 9.94A.730. 1 Wn.3d at 333-34. However, the court did not overrule the holding in *Ali* that RCW 9.94A.730 was an inadequate remedy for a juvenile sentenced to 26 years. And in *Carrasco*, the court noted, "In *Ali* . . . , we concluded .730 was not an adequate remedy based on the length of the petitioners' sentences. In Ali's case, .730 was inadequate because he would have had to serve over 75 percent of his 26-year sentence before becoming eligible for early release." 1 Wn.3d at 235. Therefore, we conclude that *Ali* remains good law regarding this issue.

Here, Nhem was resentenced to 25 years and four months. Under *Ali*, RCW 9.94A.730 is not an adequate remedy because Nhem would have to serve over 75 percent of his sentence

before he would be eligible for early release. Therefore, we hold that Nhem's PRP is not barred by RAP 16.4(d).

D.  ACTUAL AND SUBSTANTIAL PREJUDICE

To prevail on his PRP, Nhem is required to show by a preponderance of the evidence that the violation of *Houston-Sconiers* caused actual and substantial prejudice. *In re Pers. Restraint of Forcha-Williams*, 200 Wn.2d 581, 599, 520 P.3d 939 (2022). A *Houston-Sconiers* violation does not automatically establish actual and substantial prejudice. *Id.* Instead, the petitioner has the burden to "show by a preponderance of the evidence that his sentence would have been shorter if the sentencing judge complied with *Houston-Sconiers*." *Id.* And this showing must be based on evidence in the record. *Id.* at 600.

In *Forcha-Williams*, the Supreme Court noted that "there are numerous factors to consider in determining whether a *Houston-Sconiers* error is prejudicial." *Id.* at 604. These factors include but are not limited to (1) whether the trial court was presented with and considered the mitigating qualities of the defendant's youth, (2) whether the court understood its discretion to depart from the standard range, (3) where the sentence imposed fell within the standard range, and (4) whether the court articulated that it would have imposed a lower sentence if it could have done so. *Id.*

Here, the key factor is where the sentence imposed fell within the standard range. In *Forcha-Williams*, the court acknowledged "a rule that a petitioner shows actual and substantial prejudice where the sentencing judge fails to consider any mitigating qualities of youth *and imposes the lowest standard range*." *Id.* (emphasis added). But in this case, the trial court

No. 57128-5-II

sentenced Nhem to the *highest* standard range. And the court certainly did not articulate that it would have imposed a lower sentence if it could have done so.

Finally, it is worth noting that Nhem agreed to the recommendation of a sentence at the top of the standard range. This suggests that Nhem recognized that the trial court would not even consider a lower sentence.

We conclude that under these facts Nhem fails to show by a preponderance of the evidence that any potential *Houston-Sconiers* violation caused actual and substantial prejudice. Therefore, we hold that Nhem is not entitled to relief.

CONCLUSION

We deny Nhem's PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
GLASGOW, C.J.

_____
CRUSER, J., concurring in result only

8